# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MST Management LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Chicago Doughnut Franchise Company, LLC et al.,<br><br>　　　　　Defendants.<br><br>And related claims. | Case No. 2:21-cv-00360-JAD-DJA<br><br>**Order** |

　　　　This is a fraud action arising out of an alleged scheme by Defendants to defraud prospective franchise investors and franchisees. Plaintiffs MST Management, LLC; Lyon & Greybear Lending, LLC; and Skyelee, LLC and Third-Party Defendants Stephanie Hurtado, Juan Leonardo Sanchez, Brooke Rogers Sanchez, Celeste Steele Rodriguez, and David Rodriguez (collectively, "Plaintiffs/Third Party Defendants") moved to dismiss Defendant Mark Publicover, Monteidell "Monty" Maple, Bryan Morelle, Marc Freeman, Ric McKown, and Steve Moulton's counterclaims. (ECF No. 122).

　　　　In support of that motion, counsel for the Plaintiffs/Third Party Defendants filed a declaration authenticating and attaching exhibits. (ECF No. 124). One of the exhibits includes documents without Bates stamps. (*Id.*). The declaration blames the lack of Bates stamps on Defendants, accusing Defendants of violating a Court order that required Bates stamps on all documents. (*Id.* at 2-3).

　　　　Defendants move to strike the accusatory statement, explaining that Plaintiffs/Third Party Defendants refused to fix it even after learning it was false. (ECF No. 129). Plaintiffs/Third Party Defendants respond—admitting that they made a mistake—but arguing that it was Defendants fault that they made it. (ECF No. 135). Defendants did not reply.

## I. Background.

One of the exhibits the Plaintiffs/Third Party Defendants use in support of their motion to dismiss included the franchise agreements at issue in the case. (*See* ECF No. 124 at 2-3). In authenticating them, counsel for the Plaintiffs/Third Party Defendants explained in his affidavit:

> For the avoidance of doubt and to minimize any potential for over [sic] the authenticity of the Franchise Agreements, [Plaintiffs/Third Party Defendants] have attached versions of the Franchise Agreements produced by Defendants in this case. However, Defendants failed to comply with Magistrate Judge Albreghts [sic] then-pending case management order and thus disregarded his instruction that all parties Bates-number all documents upon production. ECF No. 68. Therefore, [Plaintiffs/Third Party Defendants] have applied unique Bates numbers…for the purposes of this motion to dismiss and supporting declaration.

(*Id.*).

Upon reading the affidavit, counsel for Defendants notified the Plaintiffs/Third Party Defendants' counsel that the statement was false because Defendants had produced the franchise agreements with Bates stamps. (ECF No. 129 at 3-4). Defendants' counsel asked the Plaintiffs/Third Party Defendants' counsel to correct the statement. (*Id.*). Plaintiffs/Third Party Defendants' counsel initially refused, but later agreed to file a corrected declaration. (*Id.*).

However, the Plaintiffs/Third Party Defendants did not file corrected declaration when promised. (*Id.*). Defendants then filed the instant motion to strike. (*Id.*). In it, they request that the Court strike the Plaintiffs/Third Party Defendants' erroneous sentence, order them to file a new declaration, and order them to show cause why Federal Rule of Civil Procedure 11 sanctions are not warranted. (*Id.*).

The Plaintiffs/Third Party Defendants respond that Defendants' motion is "nothing more than a fruitless sideshow designed in vain to smear counsel for [Plaintiffs/Third Party Defendants]." (ECF No. 124). They argue that the Court should deny the motion because striking under Federal Rule of Civil Procedure 12(f) is only available for pleadings. (*Id.* at 3). They add that the Court should decline to order the Plaintiffs/Third Party Defendants to show cause because their counsel's statement was "reasonable under the circumstances given the [Defendants']

rampant practice of producing Franchise Agreements and other documents without Bates numbers." (*Id.* at 4). Finally, they argue that the motion is moot because they filed an amended declaration fixing the statement. (*Id.* at 7). That statement explains:

> [The Plaintiffs/Third Party Defendants]…erroneously and inadvertently identified agreements from their own document collection and production but mistakenly thought they were from [Defendants'] production given the lack of Bates numbers.

(*Id.* at 7).

## II. Standard.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Additionally, the Court may strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I*, 69 F.3d 1010, 1016 (9th Cir. 1995). Like Rule 12(f) motions to strike, striking material under the Court's inherent power is wholly discretionary *See Almy v. Davis*, No. 2:12-cv-00129–JCM–VCF, 2014 WL 773813, at *4–5 (D. Nev. Feb. 25, 2014); *Jones v. Skolnik*, No. 3:10-cv-0016-LRH-VPC, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). This discretion includes the discretion to strike filings for being "legally and factually meritless" and for having no possible bearing on the subject matter of the litigation. *See Almy*, 2014 WL 773813 at *5.

"Rule 11 is intended to deter baseless filings in district court and imposes a duty 'of reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872-73 (9th Cir. 2014) (quoting *Cooter & Fell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). "A motion for sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision." *Id.* That provision requires a party seeking sanctions to first serve its motion for sanctions on the offending party at least twenty-one days before filing the motion with the court. *Id.*

### III. Discussion.

The Court grants Defendants' motion to strike in part and denies it in part. Although Plaintiffs/Third Party Defendants' declaration is not a "pleading" that can be stricken under Rule 12, it is an improper filing. Plaintiffs/Third Party Defendants' declaration is factually meritless because they have admitted that the declaration wrongly accuses Defendants of violating a Court order. The declaration is legally meritless because Plaintiffs/Third Party Defendants have filed a corrected declaration. (ECF No. 130). Moreover, because Plaintiffs/Third Party Defendants have replaced the declaration, the declaration now has no possible bearing on the subject matter of the litigation.[1] The Court thus uses its discretion to strike Plaintiffs/Third Party Defendants' declaration filed at ECF No. 124.

However, the Court does not find that sanctions are warranted under Rule 11 because Defendants have not complied with the Rule's safe harbor provision. Defendants' counsel explains that he sent a draft of the motion to strike to Plaintiffs/Third Party Defendants' counsel on April 5, 2022. (ECF No. 129 at 7). In response, counsel for Plaintiffs/Third Party Defendants said he would file a corrected declaration the next day. (*Id.*). However, not seeing a corrected declaration, counsel for Defendants filed the motion on April 6, 2022. (*Id.*). Because Defendants' counsel did not serve the motion to strike twenty-one days before filing it, the Court declines to grant Defendants' request for an order to show cause why Rule 11 sanctions are not warranted.

To be clear, however, the Court is not convinced that Plaintiffs/Third Party Defendants' declaration was made entirely in good faith. In their opposition to Defendants' motion, Plaintiffs/Third Party Defendants blame Defendants for their own counsel's mistake. They also take care to remind the Court that they believe Defendants violated Court orders. But because

---

[1] Plaintiffs/Third Party Defendants also argue that the declaration has no bearing on the case because, instead of filing a response to Plaintiffs/Third Party Defendants' motion to dismiss, Defendants filed amended counterclaims. (ECF No. 135 at 4). However, because the Court can decide the instant motion to strike without reaching this argument, it does not address it further.

neither the declaration nor the opposition seek relief for these purported violations, these accusations serve no legitimate purpose.

Nor is this an issue that should have required Court intervention. This issue would not have existed in the first place if Plaintiffs/Third Party Defendants' declaration did not contain an accusation completely unrelated to the declaration's purpose. It also would not have existed if, upon realizing the mistake, the parties worked together to find a solution, replace the declaration, and withdraw the motion to strike. Instead, the Court is left to decide a motion where both sides agree that a mistake happened, both sides agree that it should be corrected, and where the mistake has been corrected through a new declaration. There is no reason for the Court to be involved in this already-resolved dispute. And the Court will not continue to entertain disputes perpetuated only to vilify the other side without seeking any tangible relief.

**IT IS THEREFORE ORDERED** that Defendants' motion to strike (ECF No. 129) is **granted in part and denied in part.** The Court **grants** Defendants' request to strike ECF No. 124 from the docket. It **denies** Defendants' request for an order to show cause why Rule 11 sanctions are not warranted. The Clerk of Court is kindly directed to strike ECF No. 124 from the docket.

DATED: June 23, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE